# EXHIBIT

# 2

## EVANS, JONES & REYNOLDS
**A PROFESSIONAL CORPORATION**
**ATTORNEYS AT LAW**

401 COMMERCE STREET, SUITE 710
NASHVILLE, TENNESSEE 37219-2405

TELEPHONE (615) 259-4685
FACSIMILE (615) 256-4448

WWW.EJRLAW.COM

WINSTON S. EVANS
J. ALLEN REYNOLDS III
PHILLIP BYRON JONES
JEFFREY J. SWITZER
JOHN M. McDONALD
SEAN C. WLODARCZYK

JAMES CLARENCE EVANS (1916-2009)
RICHARD A. JONES (RETIRED)

SWLODARCZYK@EJRLAW.COM

November 28, 2023

## TRE 408 CORRESPONDENCE

**SENT VIA EMAIL & U.S. MAIL**

Mr. Dennis G. Disney
Shrum Disney & Associates, PC
54 Music Square East, Suite 350
Nashville, TN 37203
dennis@shrumdisney.com

Dear Mr. Disney:

I have been retained to represent Called Higher Studios, Inc. ("Called Higher"), its wholly owned subsidiary, By Krave, LLC, and Called Higher's majority shareholder, Jason Brown, with respect to the dispute with Mr. Landis regarding Ribbow Media Group, LLC ("Ribbow"). I represent no other parties in this matter other than those I have just identified.

I have reviewed the draft complaint you have sent my clients, and have discussed the same, as well as the circumstances leading up to this situation.

With respect to these circumstances, let me make a couple of observations, and then a proposal.

First, Pursuant to the licensing agreement referenced in the draft complaint, By Krave, LLC previously took in moneys from Ribbow's customers and paid expenses from those funds for projects Ribbow had agreed to undertake.

I have enclosed a copy of the licensing agreement here. Pursuant to Section 2.3(a), the licensing agreement entitles By Krave, LLC to the first $1,200,000 of profits resulting from the arrangement between it and Ribbow.

The draft complaint, at paragraph 34, has those facts (who gets paid what) backwards.

"Licensee" is defined as "By Krave, LLC" in the very first paragraph of the licensing agreement, and Section 2.3(a) clearly states that "The Net Profits shall be distributed: (i) *first* to

the LICENSEE up to $1,200.000 per year." Currently, By Krave, LLC is holding a significant sum of profits, which it is entitled to keep under the licensing agreement if push comes to shove.[1]

Put short, if litigation breaks out between my clients and Mr. Landis, Ribbow will wind up the loser—and by extension, your client as well—as By Krave, LLC will be entitled to retain all of the moneys it currently holds related to Ribbow given the provisions of Section 2.3(a).

Meanwhile, should Mr. Landis file suit, hit first two putative claims are not going to make it past a motion to dismiss. The only persons who can obtain relief under § 10(b) of the Securities Exchange Act of 1934 (which, as amended, is 15 § USC 78) are persons who **actually purchase or sell** a security. *See, Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 731–32 (1975) ("The plaintiff class for purposes of § 10(b) and Rule 10b-5 private damage actions is limited to purchasers and sellers of securities"). Thus, as Mr. Landis has never purchased any of Called Higher's shares, his first two claims would be frivolous if filed. *Id.*

There are other issues with the draft complaint, which I am keeping closer to the vest for now, but suffice it to say that if the draft complaint is filed as it sits, much of it will be dismissed early. *That said, this matter does not need to break out into litigation, however brief, at least inasmuch as my clients are concerned.*



---

[1] We note that, the licensing agreement was signed by Mr. Greyson, who we understand to be the majority member of Ribbow. Pursuant to Section 7.4(a) of Ribbow's operating agreement, the "Founder" (who is Mr. Greyson, per Section 7.2) may take any action "without the joinder, consent or approval of any of the Members." Meanwhile, per Section 7.4(c), his signature on that "contract" is "conclusive evidence in favor of any and every person relying therein or claiming thereunder that... the Founder... was duly authorized and empower to execute and deliver... every such.. document for an on behalf of the company." Or, in other words, the licensing agreement cannot now be denied by Ribbow as being executed *ultra vires.*

  


Best Regards.

Sean C. Wlodarczyk

ENCL: Licensing Agreement; Termination Agreement

---

[2] Pursuant to paragraph 2 of the termination agreement, By Krave, LLC is entitled to refrain from paying to Ribbow the customer deposits for purposes of satisfying liabilities related thereto (such returning the same to customers).